IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01392-CBS

ROSE ANN MILLER,

        Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]

        Defendant.

---

MEMORANDUM OPINION AND ORDER

---

Magistrate Judge Craig B. Shaffer

    This action comes before the court pursuant to Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 405(g) and 1383(c) for review of the Commissioner of Social Security (the "Commissioner" or "Defendant")'s final decision denying Rose Ann Miller's ("Plaintiff")[2] application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff filed the Complaint on June 9, 2016, and the case was assigned to District Judge Wiley Y. Daniel. Doc. 1. On August 18, 2016, the parties consented to magistrate jurisdiction pursuant to 28 U.S.C. § 626. Doc. 14. On October 21, 2016, the case was reassigned to this Magistrate Judge. Doc. 21. The court has carefully considered the Complaint, Plaintiff's Opening Brief (filed September 16, 2016) (Doc. 16), Defendant's Response Brief (filed October 5, 2016) (Doc. 17), Plaintiff's Reply (filed October 19, 2016) (Doc. 20), the entire case file, the

---

[1] Plaintiff sued Carolyn W. Colvin in her capacity as then-acting Commissioner of Social Security. The court takes judicial notice that the current acting Commissioner is Nancy A. Berryhill. "The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d).
[2] The Commissioner's records show Plaintiff's name as Rosealie Ann Miller. The court uses the version of Plaintiff's name that she has used in this case.

Social Security administrative record ("AR," doc. 12), and the applicable law. Oral argument would not assist the court. For the following reasons, the court affirms the Commissioner's decision.

## BACKGROUND

In January 2013, Plaintiff filed an application under Titles II and XVI of the Social Security Act for DIB and SSI. From October 2000 to January 2013, Plaintiff worked as a global provisioning manager in the telecom industry. AR at 256. She claimed disability based on several conditions. *Id.* at 255. After the application was initially denied, Plaintiff requested a hearing by an administrative law judge ("ALJ"). The case was assigned to ALJ Debra Boudreau, who held an evidentiary hearing on February 18, 2015. *Id.* at 92-118. Plaintiff was represented by counsel and testified at the hearing. A vocational expert ("VE"), Nora W. Dunne, also testified at the hearing.

Pursuant to the Commissioner's five-step process described further below, the ALJ found among other things that Plaintiff had a severe impairment ("degenerative disc disease of the lumbar and cervical spine") but that Plaintiff had the residual functional capacity ("RFC") to still perform her former work. AR at 82-86 (decision of March 20, 2015). The ALJ thus found Plaintiff was not disabled. *Id.* at 86. Plaintiff requested review by the Appeals Council, and the Appeals Council denied her appeal on April 28, 2016. *Id.* at 1-7.[3] The decision of the ALJ then became the final decision of the Commissioner. *See, e.g.,* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1481. Plaintiff timely filed this action. Doc. 1. As the "district court of the United States

---

[3] The Appeals Council reviewed the record and also reviewed additional medical records that Plaintiff submitted regarding treatment post-dating the ALJ's decision. The Appeals Council found that information did not affect whether Plaintiff was disabled for the time period of her application. AR at 2. Before this court, Plaintiff does not appear to rely on any of the records that post-date the ALJ's decision.

for the judicial district in which the plaintiff resides," this court has jurisdiction. 42 U.S.C. §§ 405(g), 1383(c)(3).

## STANDARD OF REVIEW

The Commissioner's regulations define a five-step process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*Wilson v. Astrue,* No. 10-cv-00675-REB, 2011 WL 97234, at *2 (D. Colo. Jan. 12, 2011) (citing 20 C.F.R. § 404.1520(b)-(f)); *see also* 20 C.F.R § 416.920;[4] *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). After the third step, the ALJ is required to assess the claimant's RFC. 20 C.F.R. § 416.920(e). The claimant has the burden of proof in steps one through four. The

---

[4] "Part 404 of Title 20 of the Code of Federal Regulations … contain[s] the Commissioner's regulations relating to disability insurance benefits[;] identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits." *Wilson,* 2011 WL 97234 at n. 2.

3

Commissioner bears the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

> A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2) [and 42 U.S.C. § 1382c(a)(3)(B)]. "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." …. However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.

*Wilson*, 2011 WL 97234, at *1 (quoting *Campbell v. Bowen,* 822 F.2d 1518, 1521 (10th Cir. 1987)).

In reviewing the Commissioner's final decision,

> [o]ur review is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a scintilla, but less than a preponderance.

*Lee v. Berryhill,* No. 16-5163, – F. App'x –, 2017 WL 2297392, at *1 (10th Cir. May 25, 2017) (internal quotation marks and citations omitted, citing *inter alia Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)). *See also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"); 42 U.S.C. § 1383(c)(3) (referencing § 405(g) for standard of review).

Accordingly, the court may not reverse an ALJ because the court may have reached a different result based on the record; the question is instead whether there is substantial evidence

showing that the ALJ was justified in his or her decision. *See Ellison v. Sullivan,* 929 F.2d 534, 536 (10th Cir. 1990). "We review only the sufficiency of the evidence, not its weight .... Although the evidence may also have supported contrary findings, we may not displace the agency's choice between two fairly conflicting views." *Lee,* 2017 WL 2297392, at *2. Nevertheless, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted).

## ANALYSIS

For her appeal, Plaintiff raises one issue: whether the ALJ erred in finding she is not disabled because she remains capable of performing her former work. Plaintiff argues that the ALJ erred in relying on the VE's testimony that a person with the Plaintiff's RFC could perform Plaintiff's former job as she had actually performed that job. The VE testified in relevant part:

> A … There is no global provisioning manager in the [Dictionary of Occupational Titles,] DOT, but
> Q Hold on just a second. Is there something manager computer operations?
> A There is --
> Q Or do you need additional information?
> A Well, let me tell you what I found and I think she will okay it. It's a computer operator which is basically what she was doing, talking on the phone and putting info into a computer.
> Q Oh, okay.
> A And the computer operator has multiple other names, it's not just -- and one of them is communications computer system manager, so the DOT for that is 213.362-010, and the DOT says that job is light with a skill level of 6.
> Q How was it performed?
> A She described it as being sedentary. Mostly sitting.

AR at 113.

On appeal, Plaintiff argues that contrary to the VE's testimony, she had not performed her former job at a sedentary level and instead performed it at the light exertion level that the

5

DOT describes for the analogous job. Plaintiff contends that her RFC precludes finding her capable of light exertion jobs, that there is no record evidence of sedentary jobs existing in significant numbers that she could perform (as required for Step 5), and therefore, the ALJ's nondisability finding is not supported by substantial evidence.[5]

Plaintiff argues that the only evidence regarding the level of exertion at which she actually performed her former job is contained in her disability report dated May 30, 2013. Opening Brief at 11-12 (citing AR at 256-257). In that report, Plaintiff informed the SSA that until she stopped working, she was a global provisioning manager and worked 8 hours per day. AR at 256. In response to the question "Describe this job. What did you do all day?," the report notes: "Desk job working on computer systems, conference calls world wide – job requires sitting and typing." AR at 256-57. Two questions later, in a table asking how many hours Plaintiff spent doing various activities in her former job, the report notes that each working day Plaintiff spent 8 hours walking, 4 hours standing and 2 hours sitting – for a total of 14 working hours per day. *Id.* at 257.

On its face, the disability report is inconsistent. Plaintiff stated that she worked 8 hours per day, not 14. Plaintiff focuses exclusively on the numeric responses in the table, and dismisses the narrative description as simply the notes of the SSA representative (T. Kirby) who completed the form. Opening Brief at 9 (citing AR 251 and 252). Plaintiff further argues that

> Kirby did not indicate that Miller intended this as an exclusive or exhaustive list. Rather, Kirby wrote down that Miller stated that the occupation required walking all day long, standing half of the day, and sitting occasionally. AR 257 (walking eight hours; standing four hours; sitting two hours). Miller never stated that she sat most of the day much less two-thirds of the day as a global provisioning manager.

---

[5] On appeal, Plaintiff does not appear to contend that she is incapable of sedentary work, but seeks reversal and remand because the ALJ must "determine whether other work exists at the sedentary range" that Plaintiff could perform. Opening Brief at 14.

Opening Brief at 9. In response, the Commissioner recognizes that the disability report is "internally inconsistent" but focuses on the narrative description, largely dismissing the numeric table. The Commissioner also relies on a health care provider's notes (AR at 345-46) that Plaintiff's former job was "working on computers and utilizing phones for VP escalations." Response Brief at 8.[6]

The court need not resolve whether the May 2013 disability report constitutes substantial evidence that Plaintiff actually performed her former job at the sedentary level. Contrary to Plaintiff's arguments on appeal, Plaintiff did affirmatively state that her former job required her to sit most of the day. Plaintiff called the SSA and corrected the May 2013 report regarding the hours she spent walking, standing and sitting in her former job:

```
                CLAIM COMMUNICATIONS
    Claimant

        Subject: work
        Details:
            Per phone call on 11/15/2013.
            Clarification of physical
            activities at work:
            Walk: 1
            Stand: 1
            Sit: 6
    Signature:
    Candace Le      11/15/2013
```

AR at 127 (Ex. 2A/4, denying application under Title II). *See also Id.* at 138 (same, in Ex. 4A/4, denying application under Title XVI). Neither side identifies this document, nor any other testimony or documentary evidence regarding this issue. The court has reviewed the entire administrative record and file in this case, and has found no retraction or other clarification from Plaintiff on this issue. Plaintiff also does not contend that the ALJ should have developed further

---

[6] Defendant also cites AR at 463, but this document does not appear to describe Plaintiff's activities or exertion level in her former job.

7

evidence on this issue. Reply Brief at 3. Thus, the court finds that the VE's testimony is supported by Plaintiff's corrected statement that her former job required sitting for 6 out of 8 hours per day, and by the narrative description in the May 2013 disability report.

The medical record to which the Commissioner cites is consistent with Plaintiff's corrected statement. This document contains notes of James Harkreader, a nurse practitioner, from a December 6, 2012 office visit with Plaintiff. "She works for StarTek via AT, working on computers and utilizing phones for VP escalations, works 7 a.m. to 4:30." AR at 345. "The patient prefers to stand, appears in no acute discomfort, is somewhat vague in answering questions and at other times histrionic. * * * She may work full duty though frequent position changes as needed." *Id.* at 346. Mr. Harkreader's notes do not specify whether Plaintiff performed most of her former work while sitting or standing. Nor is it clear whether Plaintiff's preference for standing means a preference demonstrated during the appointment or during her job. Although a reasonable person could interpret the document differently, it is consistent with Plaintiff's corrected statement that she had performed most of her former job while sitting.

In short, because the VE's testimony is supported by substantial evidence, the ALJ properly relied on the VE's testimony that a person with the same RFC as Plaintiff's could perform her former job. *See, e.g.,* 20 C.F.R. § 404.1560(b)(2) ("A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy."). The nondisability finding is thus supported by substantial evidence.

To the extent Plaintiff intends to argue that the VE "conceded that the job as actually performed required light exertion and would exceed the demands of the hypothetical question," (Opening Brief at 8, citing AR at 114), Plaintiff is incorrect.[7] The cited testimony reads:

> A  So, no, they could not do the computer operator as described in the DOT.
> Q  Okay. My question is could it be performed as actually performed?
> A  And as actually performed, yes, it could be done.

AR at 114. The VE testified unequivocally that a person with the same restrictions as Plaintiff's RFC would be able to perform her former job as she had actually performed it. The ALJ's finding that Plaintiff is not disabled because she can perform her former job was supported by substantial evidence.

## CONCLUSION

For each of the reasons stated above, the decision of the Commissioner is AFFIRMED. The clerk of court shall enter final judgment, each side to bear its own costs.

DATED at Denver, Colorado, this 27th day of June, 2017.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge

---

[7] Plaintiff's brief is inconsistent on this point. Earlier in her brief, Plaintiff recognized that the VE testified that a hypothetical person with the same restrictions as Plaintiff's RFC could perform her former job as she had actually performed it. Opening Brief at 7.